# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL FINLEY,

    Plaintiff,

-vs-                                                  Case No. 8:08-cv-2571-T-24MAP

ADAIR EXECUTIVE SERVICE, INC. &
MICHAEL ADAIR & PEGGY ADAIR,
individually,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' motion for summary judgment (Doc. 11.) Plaintiff has filed no response in opposition to the motion, and the time for doing so has expired. As such, the Court considers the motion to be unopposed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.* When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.*

**BACKGROUND**

Defendants employed Plaintiff as a security guard from 2004 through 2008. Defendants paid Plaintiff $7.50 per hour, and required him to work an estimated average of 50 hours per week. Plaintiff's wage did not increase when his work exceeded 40 hours during a week. Plaintiff brought the present single-count Complaint, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by not paying him at a rate of 1.5 times his regular hourly wage for the time he worked in excess of forty hours per week. Defendants move for summary judgment on the ground that they do not fall under the scope of the FLSA's regulatory authority, because they do not operate in interstate commerce, nor do they gross $500,000 per year.

**DISCUSSION**

The FLSA requires that certain employees receive compensation for hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular hourly rate. 29 U.S.C. § 207(a)(1). This section of the FLSA pertains to employees who are engaged in commerce, defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. §§ 203(b), 207(a)(1). It also pertains to those employed by an "enterprise engaged in commerce," defined as a business that has employees engaged in "commerce" or that grosses at least $500,000 per year in sales volume. 29 U.S.C. §§ 203(s)(1)(A), 207(a)(1).

Defendants have submitted an affidavit stating that their business does not operate, nor does it have customers, outside of the state of Florida. (Doc. 12.) Defendants have also submitted tax returns for the years during which Plaintiff was in their employ, demonstrating that

their gross sales volume never reached $500,000 per year. (Doc. 16-2.) Thus, Defendants claim that there is no genuine issue of material fact as to whether they fall under the scope of the FLSA. Plaintiff offers nothing to counter this evidence. Thus, the Court finds that there is no genuine issue of material fact as to whether Defendants fall under the scope of the FLSA. Given the evidence before the Court, no reasonable juror could find that they are liable to Plaintiff under the statute.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion for summary judgment is GRANTED. The Clerk is directed to enter judgment in favor of Defendants and to close the case.

DONE AND ORDERED this 5th day of June, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record